## T. F. WILLIAMS

### v.

## GEORGE P. DAVIS, TRUSTEE, ETC.

*Pleading—Statute of Frauds—Demurrer—When Plea Necessary to Present Question Whether Contract Contrary to Statute.*

Where there was a contract in writing, by which the subscribers agreed each to take, at a certain price, one of certain lots, which were to be subdivided out of a tract of land by the owner, the particular lots to be allotted to the subscribers after they were all subscribed for, and the land having been platted, and the requisite number of subscribers obtained, the allotment was made, in an action brought against one of the subscribers for the price of the lot allotted to him, where a demurrer was interposed to the declaration, on the ground that it did not appear that the allotment of the particular lot to the defendant was in writing, *held*, that, as it did not affirmatively appear from the declaration that such allotment was verbal, the statute of frauds could only be set up in defense of the action by a plea, assuming it to be necessary that the allotment ought to have been in writing.

[Opinion filed April 11, 1892.]

APPEAL from the County Court of McLean County; the Hon. C. D. MYERS, County Judge, presiding.

Messrs. A. J. BARR and EDWARD BARRY, for appellant.

Messrs. KERRICK, LUCAS & SPENCER, for appellee.

MR. JUSTICE WALL. This was an action of assumpsit to recover purchase money due upon a contract for the sale of real estate. The defendant demurred to the declaration. The demurrer was overruled and judgment passed accordingly. The record being brought here upon the appeal of the defendant it is assigned as error that the declaration was bad because it disclosed a verbal contract for the sale of land which could not, by reason of the statute of frauds,

Williams v. Davis.

be enforced.   There was a contract in writing signed by the defendant, but it is claimed the description of the lot he was to receive was not evidenced by that writing or any other.   By the writing it appears that the owner of a tract of land adjoining the city of Bloomington proposed to lay out lots of a certain size to be sold at a fixed price, one to each subscriber, and when three hundred lots should be subscribed for, the particular lots purchased by the subscribers respectively should be determined in some suitable method by the subscribers, and that thereupon the subscribers were to make payment to a trustee to be selected by the subscribers, and accepted by the land owners.   The trustee was to hold the funds and apply them for the purpose of securing the building of a certain structure described to be devoted to manufacturing, and to pay over the surplus to the land owners.   The defendant signed a paper setting out this agreement and thereby became a subscriber.

In pursuance of the plan the land was platted and the requisite number of subscribers having been obtained, a meeting of the subscribers was held in the city hall of Bloomington; the plaintiff was selected as the trustee, and was accepted by the land owners, and a plan was also agreed on by the subscribers for the determination of the several ownership of said lots among the several subscribers, and at a subsequent meeting the allotment was made, lot No. 252 being thereby allotted to the defendant.   Now it is urged that although the agreement in the first instance was in writing, yet the particular lot he was to have was not specified in the writing, nor was there any subsequent writing by which this was done.   Assuming that such specification was necessary, in the first instance, before the plat had been made, yet we think the objection is not tenable, for the reason that it does not affirmatively appear by the pleading that the subsequent action of the subscribers for the purpose of allotting their respective parcels was not in writing.   It is only where this is so that the defendant can, by demurrer, set up the statute of frauds.   In the present instance he should have set it up by plea, if, indeed, it was

necessary that there should be written evidence of such allottment. It is also urged that the paper is signed by J. B. Coates, one of the land owners, for himself and associates, and it is not averred that he had written authority to thus represent his associates. This also, if a valid objection, must be set up by plea, and not by demurrer.

The judgment will be affirmed.

*Judgment affirmed.*